**UNITED STATES of America, Appellee**

v.

**Frederick S. HILL, also Known as Steven F. Hill, Appellant.**

No. 08–3114.

United States Court of Appeals, District of Columbia Circuit.

Oct. 29, 2010.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Neil H. Jaffee, Assistant Federal Public Defender, A.J. Kramer, Federal Public Defender, Michelle M. Peterson, Esquire, Assistant Federal Public Defender, Sandra Gayle Roland, Assistant Federal Public Defender, Office of The Federal Public Defender, Washington, DC, for Appellant.

Before: HENDERSON and GRIFFITH, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Following a jury trial, Appellant Frederick S. Hill was convicted on three counts of bank fraud and one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 & 1349. At sentencing, the District Court found that Appellant had served as an organizer, leader, manager, or supervisor in connection with the counterfeit check scheme in which he had participated with three other persons. The District Court Judge thus increased the base level of Appellant's sentence by two points pursuant to Section 3B1.1(c) of the United States Sentencing Guidelines ("Guidelines"). U.S.S.G. § 3B1.1(c) ("If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in [U.S.S.G.

§ 3B1.1](a) or (b), increase by 2 levels."). The District Court Judge then sentenced Appellant to forty-six months on each count, to be served concurrently. On appeal, Appellant contests only the sentencing enhancement.

In determining whether to impose an aggravating role enhancement under § 3B1.1, the District Court considers a number of factors, including:

[T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S. SENTENCING GUIDELINES MANUAL § 3B1.1 cmt. n.4 (2009). In this case, the District Court imposed a two-level enhancement, because Appellant had recruited a fellow co-conspirator into the check-cashing scheme, effectively supervised the actions of that co-conspirator, and executed decision-making authority in deciding how to split up the conspirators' ill-gotten proceeds. The court thus concluded that Appellant had played a significant role in leading, organizing, and managing the criminal activity.

The clearly erroneous standard governs our review of the District Court's findings of fact. *United States v. Brockenborrugh*, 575 F.3d 726, 738 (D.C.Cir.2009).

When applying the clear error standard of review, we are mindful that the trial judge has a unique opportunity "to evaluate the credibility of witnesses and to weigh the evidence." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982); *see also* HARRY T. EDWARDS & LINDA A. ELLIOT, FEDERAL COURTS STAN-

DARDS OF REVIEW: APPELLATE COURT REVIEW OF DISTRICT COURT DECISIONS AND AGENCY ACTIONS 21 (2007) (explaining clearly erroneous standard). Accordingly, we affirm unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). *Id.* at 737–38. Under this highly deferential standard, we cannot say that the District Court's findings are clearly erroneous.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.